## SOUTH v. HALL.

Where the sum in dispute does not exceed £12, the justice has juris-
diction, whatever may be the amount of the accounts produced.

This was a *certiorari* to Justice Wilson.   On the return of
the justice it appeared South had brought an action by sum-
mons against Hall.   The plaintiff at the trial exhibited a de-
mand, to what amount did not appear, against which the de-
fendant produced his account, amounting to £40 10s., which
was admitted by the plaintiff to be correct, with the exception
[30] of a single item of £6.   No witnesses were examined,
and a verdict passed for the defendant, Hall, for £8 8s. 11d.

On behalf of South it was contended, that upon the face
of the record the justice had no jurisdiction of the case, un-
der the act of June 5th, 1782, (a) Hall's account of £40 10s.
not being disputed, except the £6, which is marked by the
justice not allowed; and it does not appear by the record
that South produced any account which could have reduced
this sum to that found by the jury.

For Hall it was contended that the nominal amount
charged in the books or accounts on either side was immate-
rial, provided the sum demanded be within the cognizance of
the justice.   Two cases of *Wood* v. *Lloyd*, decided in this
court in September Term, 1785, were cited upon this point.

The court affirmed the judgment.

KINSEY, C. J., delivered the opinion of the court.   He
said the case of *Pitts* v. *Carpenter*, 1 *Wils.* 19; 2 *Str.* 1191,
did not apply in New Jersey, because offsets were optional
in England, but compulsory here.   The same remark is ap-
plicable to the case of *Gross* v. *Fisher*, 3 *Wils.* 48.

(a) The act in question was repealed and the jurisdiction of justices
increased by the act of March 15th, 1798, and by subsequent laws.   See
*Griffith's Treatise*, 2d edition, and *Ewing's Justice*.

The question depends altogether on the amount demanded by the parties; that alone is the sum in dispute, and it is immaterial whether it constitutes the whole account or whether it is a balance; provided it be under £12, the justice has jurisdiction. These distinctions are to be observed:

1st. If the demands of the plaintiff and defendant on each other do not exceed £12, the justice may adjudicate, let the sum of their respective accounts be what it may.

2d. If, on a summons for £12, or under, the plaintiff exhibits an account of £50, and gives credit for £40, and there is no demand beyond £12, set off by defendant, the justice may render judgment.

[31] 3d. If the items disputed by defendant exceed £12, the justice cannot proceed, though the plaintiff claims less than that sum.

4th. Where defendant claims above £12, and exhibits an account, and no circumstances justify the belief that it is done fraudulently, the justice ought not to proceed, but stay proceedings on the terms of defendant's suing in a higher court within a reasonable time.

In short, wherever the real subject in dispute exceeds £12, the justice has no jurisdiction; where it does not, he has, and the amounts of the respective accounts are immaterial.

In this case it does not appear the justice took cognizance of a demand on either side for a greater sum than came legally within his jurisdiction. It does not follow because £34 10s. was admitted to be a just account against the plaintiff, that the whole of this was therefore demanded by defendant; the verdict itself explicitly negatives such a presumption.

Judgment affirmed.